UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANAND KAPASI, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CREDIT MANAGEMENT, L.P.; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, ANAND KAPASI, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, CREDIT MANAGEMENT, L.P. ("CREDIT"), and John Does 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the County of New York, State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CREDIT MANAGEMENT, L.P. limited partnership with offices located at 6080 Tennyson Parkway, Suite 100, Plano, Texas 75024-6002

8. Upon information and belief, CREDIT uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. CREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New York consumers residing in New York County and their successors in interest (the "Class"), who were

sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.   This Action is properly maintained as a class action. The Class is initially defined as:

> All New York County, New York consumers who were sent letters and/or notices from CREDIT concerning a debt owed to Charter Comms (Spectrum), which include the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13.   The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit B**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether the Defendants violated various provisions of the FDCPA;

   b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class

members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to March 9, 2021, Plaintiff allegedly incurred a financial obligation to Charter Comm ("Spectrum) ("CHARTER").

16. The CHARTER obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The CHARTER obligation did not arise out of a business transaction.

18. The CHARTER obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. CHARTER is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to April 9, 2021, CHARTER, either directly or through intermediate transactions assigned, placed, or transferred the CHARTER obligation to CREDIT.

21. Sometime prior to April 9, 2021, CHARTER, either directly or through intermediate transactions assigned, placed, or transferred the CHARTER obligation to CREDIT for the purpose of collection.

22. The CHARTER obligation was placed with CREDIT for the purpose of collection.

23. At the time CHARTER placed, or transferred the CHARTER obligation to CREDIT, the obligation was past due.

24. At the time CHARTER placed, or transferred the CHARTER obligation to CREDIT, the obligation was in default.

25. CREDIT, caused to be delivered to Plaintiff a letter dated April 9, 2021, concerning the alleged CHARTER obligation. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

26. The April 9, 2021 letter was sent to Plaintiff in connection with the collection of the CHARTER obligation.

27. The April 9, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. Upon receipt, Plaintiff read the April 9, 2021 letter.

29. The April 9, 2021 letter stated in part:

Account Summary

| Creditor | Charter Comms (Spectrum) |
|---|---|
| Creditor Account # | xxxxxxxxxxxxx1270 |
| Total Amount Due | $207.66 |

30. The April 9, 2021 letter further stated:

> This letter is to inform you that the above-referenced account has a past-due balance and has been placed with our office for collection.

> Your attention to this serious matter is requested. If the account remains unresolved, it will become eligible for credit bureau reporting after the 30-day validation period referenced on the back of this letter has ended.

31. The April 9, 2021 letter fails to inform the least sophisticated consumer what action is necessary to resolve the account.

32. The April 9, 2021 letter fails to inform the least sophisticated consumer who would be reporting the account to the credit bureau.

33. On May 6, 2021, Plaintiff through his undersigned attorney sent a letter to CREDIT disputing the debt.

34. On May 11, 2021, CREDIT responded to the written dispute by sending a letter, which stated in part:

> Our office is in receipt of your letter regarding the above-referenced individual. Their account was removed from our office on May 11, 2021. Your client will need to contact the above-referenced creditor for any questions regarding the current status of this account.

A copy of the May 11, 2021 letter is annexed hereto as **Exhibit B**.

35. CREDIT knew or should have known that its actions violated the FDCPA.

36. CREDIT could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

37. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) Using a false representation as to the legal status of the debt; and

(c) Threatening to action that is not intended to be taken

38. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the County of New York, state of New York with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

39. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

40. Collection letters and/or notices, such as those sent by CREDIT, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

41. 15 U.S.C. §1692e(2)(A) prohibits a debt collector from making a false representation as the character or legal status of any debt.

42. CREDIT violated 15 U.S.C. §1692e(2)(A) by representing in the April 9, 2021 letter that account would not become eligible for reporting to a credit bureau until after the 30-day validation period had expired, when in fact the account can be reported to a credit bureau before said validation period has expired.

43. The least sophisticated consumer upon reading the April 9, 2021, letter would lead to believe that the account legally could not be reported to a credit bureau until after the 30-day

validation period expired, when in fact the account could be reported to a credit bureau before said validation period has expired.

44. 15 U.S.C. §1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

45. Defendant violated 15 U.S.C. §1692e(10) by sending the April 9, 2021 letter, which is false misleading and deceptive.

46. The April 9, 2021 is misleading because it fails to inform the least sophisticated consumer what he must do to resolve the account.

47. The language in the April 9, 2021 letter: "If this account remains unresolved", could be read to have two or meanings, one of which is inaccurate.

48. The April 9, 2021 letter can be read to mean:

   a. Plaintiff must pay the account in full in order for the account to be resolved; or

   b. Plaintiff could resolve the account by not paying the balance in full, and instead working out a payment plan; or

   c. Plaintiff could agree to settle and pay less than the full on the account.

49. The language in the April 9, 2021 letter: If this account remains unresolved "it will become eligible for credit bureau reporting" is misleading, because it fails to inform the least sophisticated consumer who would be doing the credit bureau reporting.

50. The April 9, 2021 letter can be read to mean:

   a. CREDIT would report the account to a credit bureau; or

   b. CHARTER would report the account to a credit bureau; or

        c.        Both CREDIT and CHARTER would report the account to a credit bureau; or

        d.        That only unresolved accounts are eligible to be reported to a credit bureau; or

        e.        If Plaintiff paid the account, it would still not be reported to a credit bureau, as a "paid account".

51.     The least sophisticated consumer upon reading the April 9, 2021 letter, would be left unsure as to who exactly would report the account to a credit bureau.

52.     15 U.S.C. §1692e(5) prohibits a debt collector from threatening to take any action that is not intended to be taken.

53.     CREDIT violated 15 U.S.C. §1692e(5) by threatening to report the account to one or more credit bureaus if the account was not resolved, when in fact it is CREDIT's policy and practice not to report an account to the credit bureaus if the consumer disputes the debt within 30 days of receipt of the initial letter.

54.     At least one of the above-readings is inaccurate.

55.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

56.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

57.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

58.     Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

59. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

60. Plaintiff has suffered damages and other harm as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: May 18, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Plaza
60 East 42nd. Street, 46th Floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

The Offices of

**CREDIT** MANAGEMENT, L.P.

6080 Tennyson Parkway, Suite 100
Plano, TX 75024-6002

This communication is from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

| Account Summary | |
|---|---|
| Creditor | Charter Comms ( Spectrum ) |
| Creditor Account # | ▇▇▇▇▇▇70 |
| Total Amount Due | $207.66 |

04/09/21

Anand Kapasi

Reference #: ▇▇▇▇▇317

## COLLECTION NOTICE

Dear Anand Kapasi,

This letter is to inform you that the above-referenced account has a past-due balance and has been placed with our office for collection.

Your attention to this serious matter is requested. If this account remains unresolved, it will become eligible for credit bureau reporting after the 30-day validation period referenced on the back of this letter has ended.

**Notice – See reverse side for important notices and consumer rights.**

Sincerely,

Credit Management, LP Collections Department – member of ACA International

---

### Credit Management, LP Contact Information

 Call Toll-Free 877-741-7301 to discuss payment arrangements. Let us prove how committed we are to working with you!

Send mail to:
Credit Management, LP
6080 Tennyson Parkway,
Suite 100
Plano, TX 75024-6002

You can now pay online at: www.creditmanagementonline.com or scan the QR code from your smart phone. 

Office Hours: Central Time
7:00AM - 9:00PM M-Th
7:00AM - 7:00PM Fr.
except Holidays.

CMIG/6S ▇▇▇▇▇7 ▇▇▇▇▇▇▇02                                                                                                                                 REN-6S

**Detach And Return With Payment**

6080 Tennyson Parkway, Suite 100
Plano, TX 75024-6002

| Account Information | |
|---|---|
| Creditor: Charter Comms ( Spectrum ) | |
| Reference #: | ▇▇▇▇▇ |
| Client #: | ▇▇▇▇▇ |
| Creditor Account #: | ▇▇▇▇▇0 |
| Total Amount Due: | $207.66 |
| Amount Enclosed: | $ |

04/09/21


Anand Kapasi

**Ways to Pay:**
Credit Card, Check, Money Order, or MoneyGram (code 6504)
Pay by mail or online at www.creditmanagementonline.com
Automated phone service 877-741-7301
Speak with a representative 877-741-7301

| Balance | $207.66 |
|---|---|
| Total Amount Due: | $207.66 |

REN-6S                    PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

Validation Notice:
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Our Check Processing Policy: When you provide a check as payment, you authorize us to use information from your check to make an electronic fund transfer from your account or to process the payment as a check transaction. If your check is returned unpaid, you expressly authorize your account to be electronically debited or bank drafted for the amount of the check, plus any applicable fees (calculated as the highest amount permitted by law). The use of a check for payment is your acknowledgement and acceptance of these policies, terms and conditions.

Time Warner Cable is a subsidiary of Charter Communications Operating, LLC and uses the brand name "Spectrum".

For New York City and Yonkers Residents: New York City Department of Consumer Affairs, License No. 1132694-DCA and 2076361-DCA. To speak with a live agent, please call Chelsea Smith at 1-866-738-9951. For New York City residents only – Credit Management conducts its business in English but offers a limited number of employees who can speak with you by phone in Spanish. A translation and description of commonly-used debt collection terms is available in multiple languages on the NYC Department of Consumer and Worker Protection website, www.nyc.gov/dca.

PLEASE INSERT THIS SIDE INTO THE REMIT ENVELOPE PROVIDED
WITH THE ADDRESS BELOW SHOWING THROUGH THE WINDOW.
↓   ↓

Charter Comms ( Spectrum )
C/O Credit Management
6080 Tennyson Pkwy
Suite 100
Plano, TX 75024-6002

# Exhibit B

The Offices Of
# CREDIT
MANAGEMENT, L.P.

**CREDIT MANAGEMENT IS A PROFESSIONAL DEBT COLLECTION AGENCY.**

See Back of Page for Important Information

May 11, 2021

Joseph K Jones
Jones, Wolf & Kapasi, LLC
375 Passaic Ave
Ste 100
Fairfield, NJ 07004

RE: Anand Kapasi
Client Name: SPECTRUM (FORMERLY TIME WARNER CABLE)
Account: ███████████270
Reference Number: ██████7

Dear Joseph K Jones,

Our office is in receipt of your letter regarding the above-referenced individual. Their account was removed from our office on May 11, 2021. Your client will need to contact the above-referenced creditor for any questions regarding the current status of this account.

Should you require any additional information, you may contact Credit Management, LP at 866-914-2799.

Sincerely,

Credit Management, LP – Account Resolution Department

ARH

6080 Tennyson Parkway, Suite 100  •  Plano, TX 75024  •  800-377-7723

**ATTENTION: The following additional notices apply to persons residing in the following states.**
**This list is not meant to be a complete list of rights that consumers may have under federal and state law.**

| | |
|---|---|
| Arizona | The Offices of Credit Management, LP. |
| California | dba CMI Services, LP. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. |
| Colorado | CMI Data Services, LP, 700 17th Street, Suite 200, Denver, CO 80202-3502. Phone: 1-833-216-6677. "A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt." HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/ |
| Connecticut | This communication is from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. |
| Maine | Office Hours: 7am to 9pm CST Mon-Thu, 7am to 7pm CST Fri; except Holidays |
| Massachusetts | For MA residents only: Credit Management, LP d/b/a CMI Services. Office Hours: 7am to 9pm CST Mon-Thu; 7am to 7pm CST Fri; except Holidays. NOTICE OF IMPORTANT RIGHTS. You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector. |
| Minnesota | MEDICAL ACCOUNTS ONLY: If you feel your concerns have not been addressed, please contact us at 1-800-377-7723 and allow us the opportunity to address your concerns. Or, you have the option to address any concerns with the Minnesota Attorney General's Office, which can be reached at 651-296-3353 or 1-800-657-3787. This collection agency is licensed by the Minnesota Department of Commerce. |
| Nevada | MEDICAL ACCOUNTS ONLY: Payment of this debt, or an agreement to pay this debt, may be construed as (1) an acknowledgement that you owe the debt, or (2) as a waiver of any applicable statute of limitations set forth in Nevada Revised Statute 11.190 that otherwise precludes the collection of the debt. If you do not understand, or you have questions concerning your legal rights or obligations relating to this debt, you should seek legal advice. |
| New Hampshire | Credit Management, LP d/b/a CMI Data Services, Limited Partnership. |
| New York City and Yonkers | New York City Department of Consumer Affairs, License No. 1132694-DCA and 2076361-DCA. To speak with a live agent, please call Chelsea Smith at 1-800-543-5788. |
| North Carolina | Credit Management, LP has been issued NC Permit No. 113685 at 6080 Tennyson Parkway, Suite 100, Plano, TX 75024; NC Permit No. 969 at 631 S. Royal Lane, Suite 100, Coppell, TX 75019; and NC Permit No. 114004 at 1700 Pacific Avenue, 17th Fl., Dallas, TX 75201; by the North Carolina Department of Insurance. |
| Tennessee | This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37219. |
| Utah | As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. |
| Washington | Local Office: 512 Bell St., Edmonds, WA 98020  MEDICAL/HOSPITAL DEBTS ONLY: If this is a medical debt, you have the right to request the original account number or redacted original account number assigned to the debt, the date of the last payment, and an itemized statement. |
| Wisconsin | This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org. It is licensed to conduct business under the name of Credit Management, Limited Partnership, 6080 Tennyson Parkway, Suite 100, Plano, Texas 75024, 1-800-377-7723. |

When you provide a check as payment, you authorize us to use information from your check to make an electronic fund transfer from your account or to process the payment as a check transaction. If your check is returned unpaid, you expressly authorize your account to be electronically debited or bank drafted for the amount of the check plus any applicable fees (calculated as the highest amount permitted by law). The use of a check for payment is your acknowledgement and acceptance of these policies, terms and conditions.

**6080 Tennyson Parkway, Suite 100   •   Plano, TX 75024   •   800-377-7723**